AMERICAN SAMOA GOVERNMENT, Plaintiff/Appellant,
v.
SOUTH PACIFIC ISLAND AIRWAYS, INC., Defendant/Appellee.

High Court of American Samoa
Appellate Division

AP No. 1-84

April 8, 1985

Before GARDNER, Chief Justice, Presiding, KING* and HEEN,** Acting Associate Justices, TAUANU'U, Chief Associate Judge ·and TAIMANU, Associate Judge.

Counsel: For the appellant, Carolyn Burton, Assistant Attorney General
For the appellee, Talalelei Tulafono

HEEN, J.

Plaintiff American Samoa Government (ASG) appeals from the order of the court below granting South Pacific Island Airway's (SPIA) motion for a partial summary judgment, and denying ASG's claim for $268,407.50 as terminal facility charges. We affirm.

SPIA's arguments that this court lacks appellate jurisdiction are without merit. The fact that other claims and counterclaims remained for determination does not affect the finality of the order since all those claims and counterclaims were separate and distinct. See 4, Am. Jur. 2d, Appeal & Error sec. 53 (1962). As for SPIA's second argument, challenging jurisdiction, we hold that there has been substantial compliance with A.S.C.A. section 43.0802. The record shows that, although filed tardily, a motion for a new trial was filed and considered by the trial court.

ASG argues that the terminal facility charges are not a "headtax" prohibited by 49 U.S.C. section 1513(a) but are "service charges" levied against the "aircraft operators for the use of airport facilities" permitted by 49 U.S.C. section 1513(b).

The pertinent statutory provisions read as follows:
> No State [or territory] shall levy or collect a tax, fee, head charge, or other charge, directly or indirectly, on persons traveling in air commerce or on the carriage of persons traveling in air commerce or on the sale of air transportation or on the gross receipts derived therefrom.

49 U.S.C. sec. 1513(a).
> [N]othing in this section shall prohibit a State [or territory] owning or operating an airport from levying or collecting reasonable rental charges, landing fees, and other service charges from aircraft operators for the use of airport facilities.

49 U.S.C. sec. 1513(b)

We construe 49 U.S.C. section 1513(a) to prohibit any tax or charge on aircraft operators whose yardstick for measurement is directly or indirectly either the number of persons carried or traveling in air commerce or the gross receipts derived from such persons. See Aloha Airlines, Inc. v. Director of Taxation (1983) ___ U.S. ___, 78 L. Ed. 2d 10. In spite of ASG's argument that Rule 7-81 is a charge for the use of airport facilities within the exception of 49 U.S.C. section 1513(b), the yardstick of the rule is in fact the number of persons aboard commercial aircraft landing in American Samoa. We understand the term "other service charges from aircraft operators for the use of airport facilities" in section 1513(b) to refer to such assessments as are made directly against the aircraft operator and are similar in nature to "rental charges" and "landing fees."

ASG argues that rule 7-81 is presumptively valid because it had been approved by the Federal Aviation Administration prior to its adoption. We agree that the decisions of administrative agencies should be accorded substantial deference by reviewing courts. That deference, however, cannot overcome the fundamental principle that an administrative ruling on a point of law, such as we have here, is freely reviewable.

Affirmed.

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of Interior.